IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD A. KING, SR.,  :

    Plaintiff,

v.  :  Case No. 3:19-cv-360

SGT. RYAN HALBURNT, et. al.,    JUDGE WALTER H. RICE

    Defendants.  :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12); OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #16); SUSTAINING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM (DOC. #8); DEFENDANTS' ALTERNATIVE MOTION TO STAY THE PROCEEDINGS UNTIL CONCLUSION OF PLAINTIFF'S STATE CRIMINAL CASE OVERRULED AS MOOT (DOC. #8); TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Sharon L. Ovington's Report and Recommendations, Doc. #12, and the Objections to that filing by Plaintiff, Todd R. King ("Plaintiff" or "King"), Doc. #16. Defendants, Sgt. Ryan Halburnt, Officer Mark Orick,[1] Officer Jordan Alexander, Officer Michael Beane and

---

[1] Plaintiff's Complaint, Doc. #3, and the Report and Recommendations, Doc. #12, refer to Defendant "Officer Mark Drick." Defense counsel refers to Defendant "Officer Mark Orick." Docs. #8 and #17. Based on Plaintiff's indictment, Doc. #8-2, PAGEID#73, the Court will refer to Defendant "Officer Mark Drick" as Defendant "Officer Mark Orick" (also spelled "Orrick").

Officer Phillip Watts (collectively, "Defendants"), filed a Response in Opposition to Plaintiff's Objections, Doc. #17, and Plaintiff has filed a Reply, Doc. #18.

The Court has reviewed Defendants' Motion to Dismiss [Plaintiff's Complaint] Pursuant to Rule 12(b)(6) or in the Alternative to Stay the Proceedings, ("Motion"), Doc. #8, Plaintiff's Response, Doc. #10, and Defendants' Reply, Doc. #11. The Magistrate Judge has recommended that Defendants' Motion be granted and that Plaintiff's Complaint be dismissed.

The Court will review the objections filed by Plaintiff, Doc. #16, de novo, in accordance with Fed. R. Civ. P. 72.

I. **Background and Procedural History**

Plaintiff is a pro se litigant and, at the time of the filing of his Complaint, was a prisoner at the Montgomery County Jail in Dayton, Ohio.[2] The Complaint alleges that "[o]n February 5, to February 6, 2019, [King] called 911 for help due to a domestic problem" at his home that occurred between him and his common law wife. Doc. #3, PAGEID#23. He further alleges that when the police arrived at his house, he had his "younger son" in his arms and other children were in his house. *Id.* The Complaint states that upon their arrival, the five named Defendants began shooting at him, claiming that this was justified because King

---

[2] The factual allegations of the Complaint, Doc. #3, are accepted as true for purposes of ruling on this motion, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-556 (2007).

2

was shooting at them with an automatic rifle, an "AR-15." *Id.* King alleges that he never shot at any of the Defendants, that he had no weapon and that this was later confirmed by Defendants' search of his home. *Id.* Plaintiff also claims that while searching his home, presumably after the alleged shooting incident, Defendants destroyed his residence including his surveillance cameras and video. He alleges that Defendants' destruction of these items prevents him from proving his innocence. Moreover, he claims those items are not listed on the inventory of property items taken by the police from his residence.[3] *Id.*

Following this incident, King was incarcerated at the Montgomery County Jail. *Id.*; Doc. #10, PAGEID #79. Since his incarceration at the Jail, he alleges that he has been harassed and "refuse[d] his blood pressure medication ...." Doc.#3, PAGEID #23. The Complaint also states that someone "tried to force me to take mental health medication" and that he was "place[d] in a mental health hospital in order to justify" Defendants' conduct "knowing I have no mental illness as was claim[ed]." *Id.*; Doc. #10, PAGEID#79.

Plaintiff seeks "compensation for mental pain and stress and a physical injury to his right eye." Doc. #3, PAGEID#24. He also "would like to be compensate[d] for property damage to his house, furniture, clothes, shoes, food,

---

[3]Plaintiff has alleged as follows: ". . .claiming I fired at them with a[n] AR-15, knowing I did not. . . have a gun as they claim as it [is]shown from the search of my residence that they destroyed along with the video surveillance cameras and system they destroyed to keep me from proving my innocen[ce] that they did not inventory into their police property as on the search warrant." Doc. #3, PAGEID#23.

3

children's clothes, toys, electronics, a dog cage, a motorcycle, and video surveillance cameras and system." Doc. #3, PAGEID#24. The Complaint specifically alleges defamation of character, wrongful incarceration, "cruel and unusual punishment[s], [m]ental [a]nguish, lost time and wages[,] [and] P.T.S.D." *Id*. In addition to monetary damages, Plaintiff seeks "release from all charges that [were] fabricated upon me." *Id*.

Since the filing of the Complaint, King has been convicted by a jury and found guilty of five counts of felonious assault of a peace officer with a deadly weapon and a three-year firearm specification for each count, tampering with evidence, inducing panic, domestic violence, two counts of endangering children and of having weapons while under disability. On May 20, 2020, he was sentenced to twenty-eight years. *State of Ohio v Todd Anthony King*, Case No. 2019 CR 477, Common Pleas Court of Montgomery County, Ohio, Docket ID 34601715, http://www.clerk.co.montgomery.oh.us/pro. On May 27, 2020, Plaintiff filed a notice of appeal to the Second District Court of Appeals. *Id.*, Docket ID 34603924.[4] That appeal remains pending.

---

[4]In addition to the indictment attached to Defendants' Motion, Doc. #8-2, PAGEID##70-76, the Court takes judicial notice of the criminal case and docket in Plaintiff's state court case. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

4

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendations to which an objection is made. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings, may receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id. See also* Fed. R. Civ. P. 72 (b)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true,

5

and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to a plausible inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

Given the liberal pleading standards afforded *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[I]t is incumbent on the court to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds," *Friedman v. Campbell*, No. 98-6728, 199 WL 1045281, at *1 (6th Cir. Nov. 8, 1999).

### III. Legal Analysis

The Complaint, liberally construed, alleges constitutional claims under the Eighth Amendment for "cruel and unusual punishment[s]" and under the Fourth Amendment for excessive force. Plaintiff's constitutional claims arise from (1) his arrest and criminal charges, and (2) the medical care he received following his arrest and during his incarceration at the Montgomery County Jail. In addition to the 42 U.S.C. § 1983 claims, King also asserts claims under various state law theories. Both monetary damages and equitable relief are sought by him. Doc. #3, PAGEDI#24.

Magistrate Judge Ovington recommended dismissal of Plaintiff's § 1983 claim for any "cruel and unusual punishment[s]" that allegedly occurred following his arrest and while incarcerated at the Montgomery County Jail.[5] The Report and Recommendations state that Defendants do not control the operation of the Jail and Plaintiff's Complaint does not identify any Defendant as being involved with violating his constitutional rights during this time period. Citing to *Heck v. Humphrey*, 512 U.S. 477 (1994), the Magistrate Judge also recommends dismissal of Plaintiff's § 1983 claim alleging excessive force that occurred as a result of his arrest.

---

[5]Although the Eighth Amendment's prohibition of cruel and unusual punishments provides the basis for a state prisoner to assert a § 1983 claim for deliberate indifference to a serious medical need, where that claim is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point. *Griffith v Franklin County, Kentucky*, -- F.3d – 2020 WL 5627106 *7 (Sep. 21, 2020).

Plaintiff has filed an objection, Doc. #16, to the Report and Recommendations and a reply, Doc. # 18, to Defendants' response, Doc. #17. His objection restates his damages and reiterates that his arrest was unlawful because he did not have a firearm, that excessive force was used against him, that he did not receive proper medical care at the Montgomery County Jail, that he was unlawfully sent to a mental health facility and that he opposes Defendants' Motion under "Rule 8(a)(2)." King's objections also reference several events that occurred during his state court criminal trial.

The Court adopts the Magistrate Judge's Report and Recommendations. Rule 8(a)(2) cited by Plaintiff in his objections is a rule of pleading and provides no basis to grant him relief. Concerning Plaintiff's objection regarding his § 1983 claim for the cruel and unusual punishments that he allegedly suffered during his incarceration at the Montgomery County Jail, Defendants assert that they have no legal responsibility since they are City of Dayton police officers. The Court agrees. As Dayton police officers, Defendants have no control over what occurs at the Montgomery County Jail, an entity controlled by the county government and supervised and controlled by a duly elected county sheriff. Any allegations that Plaintiff might have of mistreatment at the Jail,[6] cannot be attributed to

---

[6] Plaintiff states that as a result of the alleged lack of medical care and transfer to a mental health facility, he filed grievances with the Montgomery County Jail. Doc. #16, PAGEID#119.

Defendants.  Accordingly, Plaintiff's objection to dismissal of this aspect of his § 1983 claim for cruel and unusual punishments is overruled.[7]

With respect to Plaintiff's § 1983 claim of excessive force that allegedly occurred as a result of his arrest and criminal charges, Plaintiff's claims are barred unless he proves that his convictions or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 487.  Although a claim of excessive force may be immediately brought in certain circumstances notwithstanding the underlying conviction, *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010), that is not the case for King.  In this case, King's § 1983 claim is "inextricably intertwined" with his convictions in state court.  *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (finding that the "struggle between [the plaintiff] and the officers gave rise to both [the plaintiff's] assault conviction and the excessive force claim, and the two are inextricably intertwined.").  Specifically, Plaintiff would have to prove in his excessive force claim that he did not fire at Defendants so that their firing at him was not justified.  Such a finding, however, is wholly inconsistent with his criminal convictions in state court.

Finally, Plaintiff's objections refer to a biased jury in his state criminal case, since the jurors allegedly had family members that were in law enforcement. Doc.

---

[7] *See* n. 5.

9

#16, PAGEID#119. Plaintiff has filed a notice of appeal of his criminal conviction, and under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), this Court must abstain from interference in those proceedings. King's appeal of his criminal convictions implicates an important state interest in an ongoing judicial proceeding and he is able to raise any constitutional challenge, including his claim of a biased jury, in that proceeding. Because King's state court proceedings were pending when he filed this case, and remain pending until he has exhausted his state appellate remedies, this Court must abstain. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 95 S.Ct. 1200, (1975) ("In short, we do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts.").

Accordingly, King's objections are overruled.

## II. Conclusion

For the reasons set forth above, the Court adopts the Report and Recommendations, Doc. #12, and, in so doing, OVERRULES the Objections of Plaintiff, Doc. #16, thus SUSTAINING Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), Doc. #8, and OVERRULING as moot its Alternative Motion to Stay the Proceedings pending conclusion of Plaintiff's criminal case, Doc. #8.

Judgment is ordered entered in favor of Defendants, Sgt. Ryan Halburnt, Officer Mark Orick, Officer Jordan Alexander, Officer Michael Beane and Officer Phillip Watts and against Plaintiff, Todd A. King, Sr.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 19, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE